FILED

UNITED STATES DISTRICT COURT,
DISTRICT OF CONNECTICUT AUG 31  P 1: 53

U.S. DISTRICT COURT
NEW HAVEN, CT

GREAT NORTHERN INSURANCE COMPANY, )
as subrogee of Eric and Penelope Marziali, )
                              )
           Plaintiff, )
                              )     No. 3:10-cv-1826-JBA
     v. )
                              )
APPLE INC., )
                              )
           Defendant. )

## SECOND AMENDED AGREED PROTECTIVE ORDER/CONFIDENTIALITY AGREEMENT

Plaintiff, Great Northern Insurance Co., and Defendant, Apple Inc., anticipate that documents, testimony or information containing or reflecting confidential, proprietary, trade secret and/or commercially sensitive information will be disclosed and produced during the course of discovery in this litigation. The parties are aware of and have carefully considered the Court's Standing Protective Order and believe, in good faith, that the additional protections set forth herein are reasonable and necessary and that these provisions will not unduly delay or inhibit the exchange of information through discovery. As such, the Parties request that the Court enter this Amended Agreed Protective Order/Confidentiality Agreement (hereinafter "Order" or "Protective Order") setting forth the conditions for treating, obtaining, and using such information.

The Court finds good cause for the following Protective Order.

## 1.    PURPOSES AND LIMITATIONS

(a)       Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this litigation, and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly

provided in this Order.

(b) The parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery.  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other parties that it is withdrawing or changing the designation.

2. **DEFINITIONS**

(a) "Discovery Material" means all items or information, including from any Non-Party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter.

(b) "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

(c) "Non-Party" means any entity that is not a party to this action.

(d) "Producing Party" means any Party, Non-Party, other third-party entity who discloses or produces any Discovery Material in this action.

(e) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as provided for in this Order.

(f) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(g) "Designating Party" means a Party, Non-Party, or other third-party

that designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

   (h)  "Outside Counsel" means attorneys who are not employees of a Party, but who are retained to represent or advise a Party in this action.

   (i)  "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.   A list of Apple's restricted competitors is attached hereto as Exhibit A.

   (j)  "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

   (k)  "CONFIDENTIAL" means Discovery Material that contains or reflects non-public, proprietary, trade secret, or commercially sensitive information and/or any other information that the Producing Party or third-party has in good faith treated as and kept confidential.

   (l)  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" means Discovery Material that contains or reflects information that is "Confidential," as defined herein, and that is also extremely sensitive such that the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant

competitive disadvantage to the Producing Party.

**3.     COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

**4.     SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in briefs, declarations, or orally in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c)     This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**6.     DESIGNATING PROTECTED MATERIAL**

(a)     Available Designations.    Any Producing Party may designate

Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)        Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of 6(b)(i), below) or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(i)        For Information in Documentary Form (apart from transcripts of depositions or other pretrial or trial proceedings):  That the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material.  In order to speed up the process of producing large volumes of Protected Material, multi-page documents in which Protected Material is pervasive may be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" throughout.  Where it is not possible to affix a legend to particular Protected Material, the Producing Party shall take reasonable steps to give all Receiving Parties notice of the Protected Material's status as such.  Within 20 days after receipt of Disclosure or Discovery Material, any Receiving Party may designate the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material, except that multi-page documents may be designated in accordance with the preceding paragraph.

        (ii)    For Testimony Given in Deposition or in Other Pretrial or Trial Proceedings: Any Party or Non-Party offering or sponsoring the testimony may identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony and may further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, or when it appears that substantial portions of the testimony may qualify for protection, any Party or Non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days after receipt of the certified transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Testimony, or portions thereof, that are designated for protection shall be covered by the provisions of this Protective Order. *Sealing of any trial testimony is subject to court order.*

        Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

        The court reporter shall affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each transcript page containing Protected Material.

        (iii)    For Information Produced in a Form Other than Documentary, and for Any Other Tangible Items:  The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend

"CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    Basic Principles.  All Protected Material shall be used solely for this litigation and the preparation and trial in this case, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.  When this litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 17.

(b)    Secure Storage.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(c)    Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent Counsel from advising their clients with respect to this litigation based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Order.

(d)    Limitations.   Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.

8.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if the Producing Party determines, in good faith, that the Discovery Material meets the requirements for such designation as provided for herein.

(b)    Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party's outside counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "General Acknowledgement of

Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit B;

(ii)     Not more than three (3) representatives of the Receiving Party who are officers or employees of the party, who may be, but need not be, in-house counsel for the party, as well as their paralegals and staff, to whom disclosure is reasonably necessary for this litigation and who have signed the "General Acknowledgement of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit B.

(iii)    Experts (as defined in this Order) of the Receiving Party, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the "Expert/Consultant Acknowledgement of Confidentiality and Agreement to be Bound by Protective Order" (Exhibit C), and (b) as to whom the procedures set forth in paragraph 11 below have been followed;

(iv)    The Court, any mediators, and its personnel;

(v)     Any insurer or indemnitor of any defendant in this action;

(vi)    Any person from whom testimony is taken in this action to whom disclosure is reasonably necessary and who has signed the "General Acknowledgement of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit B); pages of transcribed testimony or exhibits that reveal Protected Material must be marked CONFIDENTIAL by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(vii)   Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(viii)  The author of the document or the original source of the information;

(ix)    Any other person with the prior written consent of the Producing Party and who has signed the "General Acknowledgement of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit B.

9.    **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)      A Producing Party may designate Discovery Material as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if the Producing Party determines, in good faith, that the Discovery Material meets the requirements for such designation as provided for herein.

(b)      Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)      The Receiving Party's outside counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "General Acknowledgement of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit B;

(ii)      Experts (as defined in this Order) of the Receiving Party, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the "Expert/Consultant Acknowledgement of Confidentiality and Agreement to be Bound by Protective Order" (Exhibit C), and (b) as to whom the procedures set forth in paragraph 11 below have been followed;

(iii)      The Court, any mediators, and its personnel;

(iv)      Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(v)      The author of the document or the original source of the information;

(vi)      Any other person with the prior written consent of the Producing Party and who has signed the "General Acknowledgement of Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit B.

10.    **PROCEDURE FOR DISCLOSURE OF PROTECTED MATERIAL**

(a)    Before any information or item designated "CONFIDENTIAL," or substance or summary thereof, shall be disclosed to the persons or entities identified in sub-paragraphs (i), (ii), (iii), (vi) or (ix) of paragraph 8 above, the Parties are hereby ordered to tender a copy of this Protective Order to each such person and witness in order that each such entity or person to whom such disclosure of "CONFIDENTIAL" information or item is made shall be on notice and fully informed that the existence and substance of the Protective Order is, and is intended to be, equally binding upon it, him or her, as well as upon the Parties and their counsel. Before any information or item designated "CONFIDENTIAL," or substance or summary thereof, is disclosed to any such person, each such person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit B, or, if the person to whom the "CONFIDENTIAL" information or item is to be disclosed is an Expert (as defined herein), that person shall sign and abide by the terms of the Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit C, and shall otherwise comply with the requirements of Paragraph 11. The person to whom the "CONFIDENTIAL" information or item is disclosed shall not give, show, or otherwise divulge any of the "CONFIDENTIAL" information or item to any entity or person except as specifically provided for by this Protective Order

(b)    Before any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or substance or summary thereof, shall be disclosed to the persons or entities identified in sub-paragraphs (i), (ii), and (vi) of paragraph 9 above, the Parties are hereby ordered to tender a copy of this Protective Order to each such person and witness in order that each such entity or person to whom such disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or item is made shall be on notice and fully informed that the existence and substance of the Protective Order is, and is intended to be, equally binding upon it, him or her, as well as upon the Parties and their counsel. Before any information or item

designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or substance or summary thereof, is disclosed to any such person, each such person shall sign and abide by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit B, or, if the person to whom the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or item is to be disclosed is an Expert, that person shall sign and abide by the terms of the Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order, attached hereto as Exhibit C, and shall otherwise comply with the requirements of Paragraph 11.  The person to whom the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or item is disclosed shall not give, show, or otherwise divulge any of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to any entity or person except as specifically provided for by this Protective Order.

### 11.    EXPERTS AND CONSULTANTS

(a)    Before any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, or substance or summary thereof, shall be disclosed to an Expert, the Expert shall sign and abide by the terms of the "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached as Exhibit C, confirming that he or she is not presently employed by, or providing any form of consulting services to, any of the entities identified on Exhibit A, and that he or she will not accept employment with, consult with, or provide services to, any of the entities identified on Exhibit A during the pendency of these proceedings.  An Expert may make an application to the Court with advance notice and based upon a showing of good cause for modification of or relief from the obligations of Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (Exhibit C) prior to the review of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.  An Expert who has signed an Expert/Consultant Acknowledgement of Confidentiality and Agreement to Be Bound

by Protective Order (Exhibit C) may be shown "CONFIDENTIAL" information without the need for a further declaration.

      (b)      Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks to disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

      (c)      Within ten (10) days of receipt of the information specified in the preceding paragraph, the Producing Party or Producing Parties may object in writing to the proposed Expert for good cause. In the absence of an objection at the end of the ten (10) day period, the receiving party may disclose the subject Protected Material to the identified Expert. There shall be no disclosure of Protected Material to any expert or consultant prior to expiration of this ten (10) day period. If the Producing Party objects to disclosure to the expert or consultant within such ten (10) day period, the parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the identified Expert in question until the objection is resolved by the Court.

(d)      For purposes of this section, "good cause" shall include an objectively reasonable concern that the proposed outside expert or consultant will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

12.    **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)      Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge the confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)      Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)      The objecting party shall have the burden of conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party in a good faith effort to resolve the dispute.  The challenging Party must give the Designating Party a reasonable opportunity to review the designated material, reconsider the circumstances and, if no change in designation is offered, explain the basis for the chosen designation;

(ii)      Failing agreement, the objecting party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The parties' entry into this Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)   Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

### 13.   SUBPOENAS OR COURT ORDERS

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to move for a protective order regarding the production of confidential materials.

### 14.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this action.  A party that seeks to file under seal any Protected Material shall proceed in accordance with applicable law, including Rule 5(e) of the Local Rules of the United States District Court for the District of Connecticut.

### 15.   INADVERTENT FAILURE TO DESIGNATE

(a)   The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material protected under one of the categories of this Order within thirty (30) days of the Producing Party learning of the inadvertent failure to so designate.

(b)    Upon receiving such notice from the Producing Party, the Receiving Party shall immediately return all copies of such material to the Producing Party. The Producing Party shall comply with Paragraph 6 when re-designating Discovery Material as Protected Material.  Following any re-designation of Discovery material as Protected Material (or re-designation of "CONFIDENTIAL" material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), the Party receiving such Protected Material shall take reasonable steps to comply with the re-designation, including, without limitation, retrieving all copies and excerpts of any re-designated Protected Material from persons not entitled to receive it.

(c)    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate, unless an objectively reasonable person would have realized that the material should have been appropriately designated with a confidentiality designation under this Protective Order.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.

### 16.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and request that such person or persons execute the "General Acknowledgement of Confidentiality and Agreement to be Bound by Protective Order" (Exhibit B).

### 17.    FINAL DISPOSITION

(a)    Not later than forty-five (45) days after the final disposition of this

litigation, (including after any appeals), each party shall return all Protected Material of a Producing Party, including all documents that reflect or reveal the content of such Protected Material, to the respective outside counsel of the Producing Party.  As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing of any of the Protected Material.

(b)      All parties that have received any such Protected Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party.   Notwithstanding the provisions for return of Protected Material, outside counsel may retain pleadings and attorney and consultant work product for archival purposes.

## 18.   <u>MISCELLANEOUS</u>

(a)      Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)      Termination of Litigation and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.  The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)      Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)      Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any

Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.

Dated: July 14, 2011                    Schiff Hardin LLP

                                        By: _Darren Van Puymbrouck_
                                            Darren VanPuymbrouck
                                            Stephen M. Copenhaver
                                            Attorneys for Defendant
                                            APPLE INC.

                                        Cozen O'Connor

Dated: July 14, 2011

                                        By: _[signature]_
                                            Kevin Hughes
                                            Mark T. Mullen
                                            Attorney for Plaintiff
                                            GREAT NORTHERN INSURANCE CO.

**SO ORDERED**

Dated: ~~July~~ August 31, 2011

/s/ Janet Bond Arterton, USDJ

Hon. Janet Bond Arterton
United States District Court for the
District of Connecticut

## EXHIBIT A

### RESTRICTED COMPETITORS OF APPLE

HP/Compaq
Dell
Lenovo/IBM
Toshiba
Asus
Acer/Gateway/e-Machines
Sony
Samsung
Fujitsu
Panasonic
Belkin

**EXHIBIT B**

<u>**GENERAL ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**</u>

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Connecticut on _____, 2011 in the case of *Great Northern Ins. Co. v. Apple Inc.*, District of Connecticut, Case No. 10-cv-1826-JBA.

I agree to comply with and be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Protective Order even if such enforcement proceedings occur after termination of this action.

Executed on at _____ at _____.

_____

Name:

Address:

## EXHIBIT C

## EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare:

1.      I reside at _____.

2.      I have read the Protective Order ("Order") in *Great Northern Ins. Co. v. Apple Inc.*, District of Connecticut, Case No. 10-cv-1826-JBA.

3.      I am familiar with the contents of the Order and agree to comply and be bound by the provisions thereof.

4.      I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Order, any Protected Material obtained pursuant to the Order.

5.      By signing below, I hereby agree to submit to the jurisdiction of this Court for resolving any and all disputes regarding the Order and this Declaration Regarding Confidentiality.

6.      By signing below, I hereby confirm that I am not presently employed by, or providing any form of consulting services to, any of the entities identified on Exhibit A hereto, and further agree that: (1) during the pendency of these proceedings I shall not accept employment with, consult with, or provide services to any of the entities listed on Exhibit A; and (2) that I shall not at any time, either during the pendency of these proceedings or after conclusion of these proceedings, use or divulge any of the Protected Material made available to me pursuant to the Order.

I declare under penalty of perjury under the laws of the State of Connecticut that the foregoing is true and correct.

Executed on at _____ at _____.

_____

Name:

Address: